Thank you, Your Honors. My name is John Seidlitz. I represent James Flom, the appellant in this matter, the petitioner, and the matter below at the district court level. Before we get into argument and discussion, I'd like to thank the court for their time today. Things get short at the end and I don't get a chance to say that. This is a ERISA case at the lower level. It was an appeal of an administrative denial of ERISA benefits taken to the district court level. It pursued summary judgment motions on behalf of both parties. Ultimately, the district court, sui sante, remanded the case on an issue that had not been raised by either party. And I'm not certain of whether either party agreed with it. But in view of the remand and the chance to have a second administrative review on the case, at least from the plaintiff's point of view, we accepted that. And the case was remanded to the insurance company. And ultimately, disability benefits were reinstated. Following that decision, a petition for fees that the plaintiff had incurred in the underlying district court matter were applied for in front of the federal district court. The district court declined fees for a majority of the work in the case up to the point of remand, indicated the court was willing to consider fees. When you say denied for the majority of the work, you mean he granted you partial fees? He left open the option. He denied fees from the time of the complaint up to the time of the court remand, said that he would consider fees from the time of remand until the administrative decision was reversed and benefits granted. But at that point, you hadn't been granted any fees. Correct. All right. And at that point, based upon the court's decision, the wording of the decision, and that was in oral order and the transcripts in the file, but that counsel, if you can show you had time involved in achieving the remand, you can come back to me and petition for additional, for some fees. Well, I mean, doesn't it kind of boil down to whether the just filing the lawsuit being a but-for cause of you being able to go back is enough to get fees? That was my position in front of the district court. I mean, what he said was, whoops, you didn't even raise this issue, so you kind of got there through the grace of the court, and therefore, why should you get attorney's fees? But then the question is, what's the standard? And I think the case is, in terms of the outcome, MetLife's decision was overturned. The decision denying benefits was overturned. Well, you know, in terms of an outcome, under all these statutory fee schemes, you have to be a prevailing party, and your brief doesn't even refer to the controlling case, the Supreme Court case of Buck Hannon. How are you a prevailing party under the case law definition? I think under the Hummel definitions, which include the factors... Hummel doesn't control that, what a prevailing party is. Hummel's about 20 years old, isn't it? Pardon? Hummel's about 20 years old by now. Well... The Supreme Court clearly defined what a prevailing party is in Buck Hannon. Are you familiar with that case? I'm familiar. At the time that we appealed this, I do not believe, and the district court is of the opinion, that Hummel was controlling and prevailing party was a factor to consider, along with the factors in Hummel, in terms of what was achieved. But doesn't Buchanan help you figure out whether even that first factor is met? I think so. Hummel doesn't do you any good until you figure out if you're a prevailing party. Yeah. Hummel really goes to, you know, how much you get once you're qualified, I think. But first you have to show that you're a prevailing party. But in terms of prevailing, the decision when we went to district court... Tell me, what is the definition of prevailing party under Buck Hannon? Do you know what it is? I can't answer that. Well... There's another. I tried to look for some analogies here. I mean, you could look to civil rights cases to some degree on what's prevailing. But a closer analog, it seems to me, might be Social Security in the ERISA context. And it seems that in some Social Security cases, if the remand is not on the basis of a substantive issue, but more of a procedural one, that you don't necessarily get fees. So I'm wondering if the nature of the remand affects whether you're a prevailing party. And in EJ cases, you're talking about whether or not the government's position was substantially justified. And I think if you look at that issue, you cannot say that Matt Leif's position was substantially justified. They said you have 100, according to the judges, the district court's decision. You have 180 days to submit additional medical records. He submitted those within 60 days, and they said that's not enough. Your benefits, our decision is affirmed, and you're right. Nobody then said, well, wait a second, I've got 120 more days, and I've got some more stuff to give you. I mean, see, that's the problem, is that they might reasonably believe you've got this amount of time. And then they say, here, here's my information. They look at it, and they say, well, you know, it's really not enough. Nobody ever said to the insurance people, well, we have more, and we can submit it, so don't close the door. Instead, we have an appeal that doesn't even raise that issue. Well, and I think. So now, so I think that's kind of. The problem is that you created the situation by not raising the issue before. In my opinion, MetLife made the decision and said, your remedy, we're done considering remands. We're done with the administrative review. You have exhausted your remedies. Your remedy is under the ERISA district court action. And they made that decision. And so now, if we're going to add it. To me, that would be, that was reasonable, because they thought you had submitted your additional information. If you had said, no, actually, we've got 120 more days, and we're still looking, or we might have more. I mean, that's the difficulty I'm having. Maybe you can help me out of that box. Part of the problem is, the claimant's unrepresented at that time, because he hasn't been. His administrative remedies have not been denied. And so we're not even involved in terms of saying, you know what? Don't listen to MetLife. Don't rely upon what they said in their letter. We're not in that position. But you are when you appeal. We are when we file the complaint. When you file the complaint. When we file the complaint. You don't raise this issue. We have a final decision and a position by MetLife. If we're going to add an element that says, once the insurance company in your ERISA case says, we have a final administrative decision. It's final. Your right now is to appeal to the district court. If you're going to add a decision, I don't know what the standard's going to be on when plaintiffs, when claimants are going to be required to say, I know you said this was your final decision, but really, is it your final decision? How is the plaintiff going to be able to determine when the final decision is really what the insurance company says? Well, there's an appealable issue that you didn't raise. Well, and I think in terms of the arguments both parties submitted to the court, both parties considered the administrative remedies exhausted. Both parties considered the matter was appropriate for a district court complaint. That was the next remedy. Neither party raised the issue that administrative remedies had not been exhausted. So at the time we presented the matter to the district court, both parties were of the opinion that MetLife either had or did not have the relevant medical information. From the plaintiff's perspective, a review of the merits of the case were such that the insurance company had the medical evidence that they had requested. The treating physician had twice submitted the forms from the insurance company within the relevant time frame. And subsequently, after they said you have your 180 days, within 60 days, there was a report from the physician that said, now that the time has passed and he has not improved, he's at maximum medical improvement. He was almost a year ago. He's as good as he's getting. And as good as he is getting, the treating physician had already said, was a maximum of four hours a day, which was disabled. And so in terms of the information, when we filed the complaint, when we did the summary judgment, our position was they had that information. To change subjects a little bit, at the hearing on attorney's fees, the judge hadn't asked you a question about that. Well, you know, I might award fees after a certain date or something like that, right? Correct. And what point was that? That was from the time of the remand on. Back to the insurance company. Until the decision was made granting disability. And didn't you say, well, I'm not asking for fees during that period or something like that? I said I could not present hours and represent that I had done anything to change the insurance company's decision. I don't know what their decision granting benefits was based on, and so I cannot stand in front of the court and say, I helped advance the case somehow because I don't know what they changed their mind about. And you mean that that was sort of in response to? Judge Haddon seems to have the notion that, well, you had to show in some way you positively advanced the client's cause or something like that, right? Yes, as to the time. His notion. So if you're successful, it would be your fees for the original appeal, then? I think, yes. May I ask you one question, too? Do you have a contingency fee arrangement? It was a, I'll call it a hybrid. It was a contingency fee, and in an event of award of hourly, there was an agreement that $150 an hour was a reasonable rate, that in part based upon the EJR rates in social security. I don't understand that. Let's assume a client got the relief it got. It's getting benefits, right? Your client's getting benefits? Correct. You have a contingency. Doesn't that fee apply? Yes. Now? Yes. Okay. So if you were awarded attorney's fees, would they be applied to the contingency? I don't think I'm awarded attorney's fees. I think James Flom is. That's the answer. They go to him, not to me. They go to him. Yes. And so the penalty for the judge winning the case instead of your winning the case is that the client loses. Correct. Thank you. Thank you. May it please the Court, Counsel? My name is Shane Coleman. I'm here on behalf of MetLife. I want to touch on a few of those issues that have just been raised. This is a very straightforward case. The standard of review, of course, is abuse of discretion. The district court sits in the best position to determine what, if any, attorney's fees are properly awarded in any case, and in particular in an ERISA case. We do think there are three steps in the analysis. And the first is, in fact, did Mr. Flom prevail? And, in fact, the Buchanan case never was briefed. That standard was not considered by the court. Instead, we jumped directly into the HUML factors, which have been used by this court in recent ‑‑ it's a 1980 case, but recent decisions cited in our brief refer back and apply the HUML factors, and, in fact, there are decisions of this court that suggest that the district court's failure to apply the HUML factors is an abuse of discretion. For that reason, Judge Haddon specifically went through the HUML factors and concluded that those factors did not weigh in Mr. Flom's favor. Finally, though, even if Mr. Flom had prevailed in the district court, there's some discussion of could he get fees on remand during this process. To put things in perspective, the court's order remanding occurred approximately one year before the attorney's fees petition was filed. So the question is, can he collect attorney's fees during that one-year process? This court has said in the Cannes case that attorney's fees are not proper in an ERISA administrative process. In any event, that's irrelevant because Mr. Flom ‑‑ We're talking about the fees in the litigation. And as we've said, as a general rule, ERISA employee appointments should be entitled to a reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought. Well, they did achieve some of the benefit. They achieved it in litigation. Does it matter whether the lawyer raised the issue or the judge raised the issue? Absolutely. Why? Because the very fees that they're seeking to collect are based upon legal work that would have to have advanced the cause. And here the legal work, as we've spelled out in our brief, related to generally four things. They related to the preparation of the pleadings. They related to the filing of discovery motions. They related to summary judgment. And they related to matters on remand. The latter is covered by the Cannes case. Fees on ‑‑ during the administrative process. Well, it says if they succeed, not who did the legal work. If the judge did all of the legal work, what difference does it make if the rule is if the employee succeeds? He succeeded on the issue. And we had a good judge maybe who was a better lawyer than the lawyer. But they succeeded in a lawsuit on the issues. By the time the matter was closed in the district court, they had not succeeded. The matter was remanded so that Mr. Flom could submit additional matters. Are you familiar with the Supreme Court case of Hewitt v. Helms, which also talks about what a prevailing party is? I'm not, no. Okay, well, it precedes Buchanan, but it talks about when you have a settlement or an opinion of the court that affects the behavior of the defendant toward the plaintiff. And it would seem to me that the decision here dramatically affected the conduct of the insurance company vis‑a‑vis the plaintiff. They reopened things, they looked at it, and he got his benefits. So first he has zero benefits, then he has a lawsuit, and now he has benefits. So if you look at it through that lens, the litigation, he was successful in the litigation in having the insurance company pay benefits. Why wouldn't we take it, you know, really go back to a traditional notion of prevailing party? Well, if we ‑‑ if the court does, in fact, do that and concludes Mr. Flom is a prevailing party, then the Hummel factors still apply. And when we apply the Hummel factors, they include things such as did MetLife act with bad faith. And the district court sitting ‑‑ presiding over this matter, sitting in the best position to make that determination, concluded that four of these five factors all weighed entirely in MetLife's favor. The only factor weighing against MetLife is, of course, its ability to pay, which this court has made clear is not ‑‑ that alone is not a sufficient basis to award fees. Well, the same way the current cases say what I said to you before, generally an employee who recovers the risk of benefits is entitled to fees. The language Judge Haddon used in making his findings was that this was a very fact‑driven case, and, indeed, it was. Up until the point of summary judgment being argued, both parties believed the ‑‑ or both the lawyers on either side, anyway, believed that the administrative record was complete. But for the courts noticing that, in fact, there was a letter from MetLife saying we'll give you 180 days to submit additional medical information, Mr. Flom, as his final administrative process, Mr. Flom immediately submitted a pile of his additional medical information, and MetLife, as Judge Haddon found, reasonably concluded that that was all that would be forthcoming and issued a decision. But for Judge Haddon noticing that the decision was issued before the close of the 180‑day period, it never would have been reopened. And the evidence submitted on remand, so Judge Haddon gives 180 additional days to submit additional medical information, that additional medical information did not exist in 2005. It did not exist at the time that this appeal was closed. Actually, 2004, when the appeal was closed. In other words, it's all new medical information that had MetLife not violated the terms of its letter, had MetLife waited 180 days to issue its decision, that evidence didn't exist at the time. And the question under HUML, one of them is, can you say that MetLife acted with bad faith? And, you know, we would submit that an insurance company cannot be said to have acted in bad faith by not considering evidence that didn't even exist at the time. They acted in bad faith. One problem is you have a collision of these two kinds of cases. One case says you get fees unless it's unjust. That's kind of the big umbrella. So now we look at the HUML factors. And one of my questions is whether, in this case, it's such a bizarre situational situation, is whether a lot of the things we're talking about really would go to the amount of the fees, as opposed to the award, just whether fees should be awarded at all. So it would be helpful to know from you, did the judge actually find it was unjust to award a fee? And if not, how do you, how does that case about unjust being the standard fit in with what happened here? I think that's another way you can look at it, indeed. And that was kind of what I was getting at earlier when I said that, you know, okay, so even if Mr. Flom is entitled to recover his attorney's fees, the question is what amount of those attorney's fees. And you can either look at it line by line, this amount is reasonable in a dollar amount, or you can look at it as what activities by his counsel materially advanced the litigation. And Judge Haddon made very detailed findings on that. He said that he found virtually nothing done by plaintiff's counsel during the course of the litigation materially advanced the case. And for that reason, what his intention was, was to allow, and he says this very clearly in the transcript in our briefs, was to allow recovery of fees during the period of time following remand when fees were ultimately awarded. Do you know of any case in which it says that if the lawyer is not too brilliant and the judge helps him out, that the employee isn't the prevailing party, and the employee who's the one who bears the cost, and the reason for the attorney's fees is to enable employees to bring these kinds of cases. Is he aware of any case that says because the lawyer's counsel, the client's lucky enough to get a good judge who helps his lawyer out on the issues, that that should reduce the fees that enable the employee to bring these types of cases? I'm unaware of any case like that, Your Honor. I mean, it is an unusual type of case, although I must say I don't find it that unusual that it's the judge who enables the client to prevail instead of the lawyer. I think we see a number of cases, even on appeal, where the court finds it necessary to explain the law to the winning lawyer as well as the losing lawyer. But I'm also not aware of any case where the client's penalized and he's gotten his fees, and the case is saying that the purpose of the fees is to allow poor working people to challenge on an equal basis. To put it another way, at least on this factor, whether the plaintiff is a prevailing party is really measured by the result. It's not measured by whether the judge did more to get it there than the lawyer, right? It's just the result. Isn't that the way you measure success on the outcome? If we look strictly at prevailing, well, two issues. First, if we look strictly at the issue of prevailing party, then we're under the Hummel factors, which apply specifically in this circuit for ERISA matters, denial of benefits matters. Well, he went through some of those factors. I don't know if he went through all of them, but he says this, you know, he meaning Judge Haddon. He says it is inappropriate for this court to award fees for what is the totally unsuccessful efforts of the plaintiff. Well, they weren't totally unsuccessful in the sense that, you know, there was a pretty good result, right? I mean, is that what you tell your client you got a good result? They say, well, I was unsuccessful even though you won. You never tell that to the client, do you? The ERISA statute that allows attorney's fees only allows it during the litigation. And at the close of the litigation, the matter was remanded to MetLife as the plan administrator. And at that point, it wasn't clear that Mr. Flom would become the prevailing party. Well, that was sort of what I think Judge McEwen was getting to very early on when she talked about the social security cases. You know, the social security cases, that's what they call a certain type of remand to the agency. And if that remand is, you know, to look at it further and that leads to an award to the claimant, then you're successful. So if you analogize a social security type of analysis to this case, then you can make an argument that the claimant prevailed. There are other cases, too, where you don't get the fees on the interlocutory result where you get it remanded, but the fees are delayed until you see whether you actually win the case in the end. And here they actually – I think the problem that I have with this is that the analysis that you don't win attorney's fees if the judge does the work instead of the lawyer is that you still have to pay your attorney's fees. Most of these cases are contention cases. So the client's got to pay the fees, you know, and that's why he's given the award. So he's able to bring the case and pay fees. And he's the one who's not going to be able to pay the fees if he's denied the fees he's entitled to as a prevailing party. And if I may address that just briefly. Very briefly because we're three minutes over. With due respect to Mr. Seidlitz, I believe near the close of Judge Haddon's explanation of his order, he calls into question whether Mr. Flom would even be required to pay his attorney fees under the facts of this case and how the matter was handled. Well, he may call it into question, but that's another lawsuit which I doubt that a lawyer would lose. But the other point I'd say is we really haven't gotten to the question of the amount of fees yet. If we were to decide he's entitled to fees for this period of litigation somewhere, I think somebody would have to determine what the appropriate fees are. In that case, it kind of circles back to your argument because, in fact, the fees might be small if most of the fees were dedicated to discovery and issues that didn't have anything to do with prevailing. So it might be a different way to the same result, but we don't know. I think Judge Haddon's order reaches that same result by saying I'll allow fees for this period post-remand. Well, he limits the amount of fees. Okay, thank you very much. This verdict will be submitted in the next case on the calendar.
judges: Reinhardt, Tashima, McKeown